1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL VANG, | ) | 1:10-cv-02393-BAM |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING PLAINTIFF'S** |
| | ) | **SOCIAL SECURITY COMPLAINT** |
| v. | ) | |
| | ) | |
| MICHAEL ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## BACKGROUND

Plaintiff Paul Vang ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income benefits pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Barbara A. McAuliffe, United States Magistrate Judge.

## FACTS AND PRIOR PROCEEDINGS[1]

Plaintiff filed an application for benefits on July 10, 2007, alleging disability beginning February 1, 2006. AR 11. Plaintiff's application was denied initially and on reconsideration, and

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1    he requested a hearing before an Administrative Law Judge ("ALJ").  AR 11.  ALJ Patricia Leary

2    Flierl held a hearing and subsequently issued an order denying benefits on January 15, 2010, finding

3    Plaintiff was not disabled.  AR 11-18.  This appeal followed.

4         **Medical Record**

5         The entire medical record was reviewed by the Court.  AR 187-279.  The medical evidence

6    will be referenced below as necessary to this Court's decision.

7         **Hearing Testimony**

8         ALJ Flierl held a hearing on September 25, 2009.  AR 19.  Plaintiff appeared and testified;

9    he was assisted by attorney Melissa Proudain and a Hmong interpreter, Kao Vang.  AR 21.

10   Vocational Expert ("VE") Thomas Dachelet also testified.  AR 20.

11        At the time of the hearing, Plaintiff was fifty-three-years old living in Madera, California,

12   with his wife and two adolescent children.  AR 22.  Plaintiff testified that he is originally from Laos

13   but while in the United States he has attended "adult school" for ESL classes.   Plaintiff has only a

14   limited ability to speak, read, and write in English. AR 24.  Plaintiff also attended vocational school

15   to learn truck driving.  AR 25.  He has a Class A commercial truck driving license, and worked as

16   a truck driver until he started experiencing back and stomach pain in 2001.  AR 25.  Before working

17   as a truck driver, Plaintiff worked as a production worker on an assembly line for an electrical

18   business.  AR 26.  Plaintiff worked at that job until the company shut down.  AR 27.

19        At the hearing, Plaintiff testified he suffers from many ailments including back pain, stomach

20   pain, headaches, dizziness, and depression.  AR 27-28.  Plaintiff was first asked to explain  his low

21   back pain.  He stated that he experiences lower back pain twenty-four hours a day.  He also

22   experiences a burning sensation in his lower back. To cope with the pain, Plaintiff takes pain

23   medication and asks someone to stand on his back.  AR 28-29.  This helps to reduce his pain, but

24   does not eliminate it. AR 29. Due to this pain, Plaintiff can only sit for twenty to thirty minutes at

25   a time and stand for about ten to twenty minutes at a time.  Plaintiff feels the need to lay down ten

26   times a day for twenty to thirty minutes at a time.  AR 30.

27        When asked about his other impairments, Plaintiff stated he experiences headaches four to

28   five times a week, lasting for approximately three to four hours at a time.  AR 31-32. He also has

1   internal and external stomach pain, caused by a protruding lump in his stomach.   AR 32.

2   Additionally, Plaintiff suffers from depression due to the change in circumstances caused by his

3   ailments.

4       With respect to his daily activities, Plaintiff can kneel down, dress and bathe himself daily.

5   He has trouble concentrating and does not do any cooking or cleaning in the home.  AR 33.

6       Thereafter, the ALJ elicited the testimony of vocational expert Thomas Dachelet. AR 37.

7   The VE stated that Plaintiff's past work was classified as production assembly, light unskilled and

8   truck driving, semiskilled.  AR 37.   In the first hypothetical question, the  VE was asked to assume

9   a hypothetical worker of Plaintiff's age, education, and work experience who can perform light work

10  and simple, repetitive, one-to-two step tasks. AR 37.   VE Dachelet indicated such an individual

11  could perform Plaintiff's past relevant production work and any other work within the light and

12  sedentary range of unskilled jobs.   AR 38.   The VE listed examples of jobs including, bagger,

13  garment sorter, and grader.  AR 38.   The ALJ then confirmed that these jobs were compatible with

14  the Dictionary of Occupational Titles ("DOT").   AR 38.

15      In a second hypothetical, VE Dachelet was asked to consider the same individual, but the

16  individual can perform medium work and simple, repetitive, one-to-two step tasks. AR 39.  The VE

17  again indicated such an individual could perform Plaintiff's past relevant production work and any

18  other work within the medium, light, and sedentary range of unskilled jobs.  AR 38.

19      Bearing the second hypothetical in mind, the VE was asked to consider an individual who

20  could not work a full eight-hour day due to pain.  VE Dachelet indicated such an individual could

21  not perform Plaintiff's past relevant work or any other work as it exists in the national economy.  AR

22  40.

23      **ALJ's Findings**

24      Using the Social Security Administration's five-step sequential evaluation process, the ALJ

25  determined that Plaintiff did not meet the disability standard. AR11-18. *See* 20 C.F.R. § 404.1520

26  (2011). At Step One, the ALJ found that Plaintiff had not worked since the alleged onset date.  AR

27  13. At Step Two, the ALJ found that Plaintiff had a severe impairments of adjustment disorder,

28  degenerative osteoarthritis, chronic hepatitis B, and gastritis. AR 13.  The ALJ found however that

1  his impairments did not meet or equal a listing at Step Three.  AR 13-14.

2      Based on his review of the entire record, the ALJ determined that Plaintiff retained the

3  residual functional capacity (RFC) to lift and/or carry 20 pounds occasionally and 10 pounds

4  frequently, sit, stand and/or walk 6 hours in an 8-hour work day, and perform simple repetitive tasks.

5  AR 14.  At Step Four, the ALJ subsequently found that Plaintiff could perform his past relevant work

6  as a production worker. AR 16. The ALJ therefore found that Plaintiff was not disabled under the

7  Social Security Act.  AR 17.

8  <center>**SCOPE OF REVIEW**</center>

9      Congress has provided a limited scope of judicial review of the Commissioner's decision to

10  deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this

11  Court must determine whether the decision of the Commissioner is supported by substantial

12  evidence.   42 U.S.C. § 405 (g).   Substantial evidence means "more than a mere scintilla,"

13  *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*

14  *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable

15  mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record

16  as a whole must be considered, weighing both the evidence that supports and the evidence that

17  detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985).

18  In weighing the evidence and making findings, the Commissioner must apply the proper legal

19  standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold

20  the Commissioner's determination that the claimant is not disabled if the Secretary applied the

21  proper legal standards, and if the Commissioner's findings are supported by substantial evidence.

22  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

23  <center>**REVIEW**</center>

24      In order to qualify for benefits, a claimant must establish that he is unable to engage in

25  substantial gainful activity due to a medically determinable physical or mental impairment which has

26  lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C.

27  § 1382c (a)(3)(A).  A claimant must show that he has a physical or mental impairment of such

28  severity that he is not only unable to do his previous work, but cannot, considering his age,

<center>4</center>

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues that (1) the ALJ erred at Step Four by concluding that he could perform his past relevant work even though Plaintiff is limited to performing one-and-two step instructions and (2) at Step Five, the ALJ should have addressed his inability to communicate in English when questioning the VE. (Doc. 11).

**DISCUSSION[2]**

**A.    RFC for Performing One-Two Step Tasks**

Plaintiff argues that the ALJ erred at Step Four by finding that he could perform his past relevant work. According to Plaintiff, the ALJ adopted the opinion of Ekram Michiel, M.D. who limited Plaintiff's ability to "carrying out one-to-two step, simple job instructions."[3] (Doc. 11 at 5); AR 201. Plaintiff argues that an RFC for tasks involving one-to two-step, simple instructions limits Plaintiff to jobs defined by the DOT as involving a Reasoning level of 1. (Doc. 11 at 6). Plaintiff contends that the AL erred in finding he could return to his work as a Production Assembler, because that position carries a Reasoning level of 2. In Plaintiff's opinion, if the ALJ fully adopted the opinion of Dr. Michiel, Plaintiff would be limited to one or two step work, at Reasoning Level 1, and he would be unable to perform his past relevant work. (Doc. 11 at 6).

Plaintiff's argument is unavailing. At least two courts in this Circuit have rejected arguments similar to that which Plaintiff presents. In *Wilson v. Astrue*, the plaintiff argued that Dr. Yang's statement that he was "able to follow 1-and 2-part instructions" was a limitation that was not consistent with the ALJ's RFC assessment finding that the plaintiff was limited to simple, repetitive

---

[2]    The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[3]    More specifically, Dr. Michiel, opined that Plaintiff "is able to maintain attention and concentration and to carry out one-to-two step, simple job instructions, [but] unable to carry out an extensive variety of technical and/or complex instructions." AR 201.

1  tasks.  *Wilson v. Astrue*, 2010 U.S. Dist. LEXIS 105658, at * 9 (C.D. Cal. 2010).  The Court

2  disagreed.  The Court reasoned that Dr. Yang's statement that the plaintiff was affirmatively able

3  to perform tasks involving one- to two-part instructions was not an actual limitation to *only* one- and

4  two-step tasks.  *Id.* at *10.  The Court also found that, even assuming Dr. Yang's statement could

5  be interpreted as limiting the plaintiff to tasks with only one- to two-part instructions, the plaintiff

6  was not necessarily precluded from performing DOT reasoning level 2 jobs simply because those

7  jobs are defined to include "detailed" but "uninvolved" instructions.  *Id.*  ("Plaintiff is incorrect in

8  taking the word 'detailed' in the DOT job description to automatically indicate that the jobs at issue

9  are inconsistent with Dr. Yang's one- and two-step instructions limitation").  For those reasons, the

10  Court affirmed the ALJ's RFC determination.  *Id.*

11       In *Salas v. Astrue*, the Eastern District of California affirmed that the ability to carry out one

12  and two-step instructions was encompassed by an RFC limiting the claimant to "simple, routine

13  work." This Court explained:

14       The ALJ was entitled to interpret [the doctor's] findings to formulate his RFC, and
         he was not required to adopt the exact language used by [the doctor]. This is so
15       because [the doctor's] finding regarding tasks with one-to two-step instructions was
         not phrased as a limitation, but rather an affirmative statement of what Plaintiff could
16       do. The actual limitation [the doctor] found was one for jobs involving tasks with
         complex and technical instructions.... Here, the ALJ's RFC for simple, routine work
17       was a rational interpretation of [the doctor's] findings, and thus it must be upheld.

18  *Salas v. Astrue*, 2011 U.S. Dist. LEXIS 69620 at *21 (E.D. Cal. June 29, 2011);  *Xai Lor v. Astrue*,

19  No. 1:10-CV-01382, 2011 U.S. Dist. LEXIS 97111, 2011 WL 3847153, *7 (E.D. Cal. Aug. 30,

20  2011) ("a limitation to simple, repetitive work encompasses both Reasoning Levels 1 and 2.");  *but*

21  *Cf. Navarro v. Astrue*, 2010 U.S. Dist. LEXIS 133685 (C.D. Cal. Dec. 16, 2010) (the physician

22  limited the claimant to one- and two step tasks, and the RFC for "simple work" did not encompass

23  the limitation).

24       Here, Dr. Michiel opined:

25       Based upon the evaluation and observation throughout the interview, I believe that
         the claimant is able to maintain attention and concentration and to carry out one or
26       two step simple job instructions.

27       The claimant is able to relate and interact with coworkers, supervisors and the
         general public.

28
         The claimant is unable to carry out an extensive variety of technical and/or complex

1   instructions.

2   AR 201.  Like the physicians in *Wilson* and *Salas*, Dr. Michiel did not phrase his findings on

3   Plaintiff's ability to perform one-to two-step tasks as a limitation.  He  determined that Plaintiff's

4   actual limitations were with respect to Plaintiff's ability to carry out an extensive variety of complex

5   instructions.  The ALJ then reasoned that Plaintiff could perform simple repetitive tasks as apart of

6   her RFC assessment.  AR 14.  Consequently, at Step Four, the ALJ determined that Plaintiff could

7   perform his past relevant work as a Production Worker.  AR 16.  The ALJ's determination was

8   proper.

9          As several courts have recognized in similar cases, Dr. Michiel's opinion regarding "one and

10  two step job instructions," was not set forth as a limitation, but instead, was an expression of

11  Plaintiff's ability.  *See* AR 201.  The actual limitation set forth by Dr. Michiel was only an inability

12  "to carry out an extensive variety of technical and/or complex instructions." AR 201.  The ALJ gave

13  "greater weight" to the opinion of Dr. Michiel when concluding Plaintiff was capable of simple

14  repetitive work.  AR at 15. Such an interpretation was within the province of the ALJ and was a

15  rational interpretation of Plaintiff's ability to perform simple, repetitive tasks. Therefore, the opinion

16  of Dr. Michiel was given the proper weight and was not rejected improperly by the ALJ in

17  determining Plaintiff's RFC.  Accordingly, the ALJ's Step Four analysis was proper.

18  **B.      Plaintiff's Inability to Speak English**

19         Next, Plaintiff contends that the ALJ did not meet her burden at Step Five because she failed

20  to articulate Plaintiff's inability to "effectively communicate" in English to the VE.  Plaintiff

21  required the assistance of an interpreter at the hearing, and he testified that he could speak and write

22  some English but had trouble reading English. (Doc. 11 at 7).  According to Plaintiff, because he

23  cannot effectively communicate in English, "he should be considered in the same way as an

24  individual who is illiterate in English." 20 C.F.R. § 416.964(b)(1).

25         Under the Regulations, the category of illiteracy is defined as "the inability to read or write.

26  We consider someone illiterate if the person cannot read or write a simple message such as

27  instructions or inventory lists even though the person can sign his or her name.  With respect to the

28  category of "[i]nability to communicate in English," the regulations provide that, "[b]ecause English

1   is the dominant language of the country, it may be difficult for someone who doesn't speak and

2   understand English to do a job . . . . Therefore, we consider a person's ability to communicate in

3   English when we evaluate what work, if any, he or she can do." 20 C.F.R. § 416.964(b)(5).

4          Plaintiff argues that the ALJ's hypothetical questions to the VE should have incorporated

5   his inability to communicate effectively in English.   However, the Court need not reach this

6   argument.   At Step Four, the ALJ determined that Plaintiff could perform his past relevant work.

7   AR 16.[4]   The ALJ subsequently made an alternative finding at Step Five, and determined that there

8   were other jobs existing in the national economy that Plaintiff could perform.  AR 16.  As seen

9   above, the Court has already determined that ALJ's Step Four determination was proper.  Therefore,

10  the Court need not reach Plaintiff's Step Five argument.  *See Matthews v. Shalala,* 10 F.3d 678, 681

11  (9th Cir. 1993) (holding, where plaintiff "failed to show that he was unable to return to his previous

12  job," the burden of proof remained with the plaintiff, and vocational expert's testimony was "useful,

13  but not required" and concluding that any error occurred during a hypothetical the ALJ was "not

14  required" to ask);  20 C.F.R. § 404.1520(f) (explaining that ALJ's inquiry is complete at step four

15  if she finds that, given the RFC, the claimant has the capacity to do her past work); 20 C.F.R. §

16  404.1560(b)(2) (explaining that "past relevant work" may be "either as the claimant actually

17  performed it or as generally performed in the national economy").

18          Only if the ALJ finds that the claimant can no longer perform his past work, does the

19  analysis move to the fifth and final step of determining whether the claimant can perform any other

20  work that exists in the national economy.  *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d

21  1155, 1167 (9th Cir. 2008).  Here, the ALJ's decision was resolved at Step Four.  Thus, any error

22  committed by the ALJ at Step Five is harmless and immaterial if the ALJ's Step Four finding stands.

23  The Step Four finding is adequate, on its own and precludes an award of benefits.  Accordingly, the

24  Court will not address Plaintiff's claim that the ALJ erred in crafting a complete hypothetical for the

25  VE at Step Five.

26

27

28          [4]       At Step Four of the Social Security Administration's sequential evaluation process, "we consider
    our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant
    work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security and against Plaintiff, Paul Vang.

IT IS SO ORDERED.

**Dated:**   **September 25, 2012**                    **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE